**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANDY GUZMAN,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 1:19-cv-0445 - JLT<br><br>ORDER TO DEFENDANT TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S SCHEDULING ORDER |

    Mandy Guzman seeks judicial review of a decision to denying her application for Social Security benefits. (Doc. 1) On April 8, 2019, the Court issued its Scheduling Order, setting forth the applicable deadlines. (Doc. 5)

    Plaintiff served a confidential letter brief upon Defendant on September 6, 2019. (Doc. 11) Pursuant to the terms of the Scheduling Order, within thirty-five days of the date of service of the confidential letter brief, the Commissioner was to serve a response and file a proof of service. (Doc. 5 at 2) Thus, the Commissioner was required to serve a response no later than October 11, 2019. To date, the Commissioner has not filed a proof of service indicating a response was served upon Plaintiff. In addition, the Commissioner did not request an extension of time to comply with the Court's order.

    The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have

1

inherent power to control their dockets," and in exercising that power, a court may impose sanctions. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may impose sanctions, including terminating sanctions, for a party's failure to obey a court order or failure to comply with local rules. *See*, *e.g.* *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (imposing sanctions terminating for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (imposing terminating sanctions for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (sanctions for failure to prosecute and to comply with local rules).

Accordingly, the Commissioner is **ORDERED** to show cause within fourteen days why sanctions should not be imposed for the failure to follow the Court's order or to serve a response to Plaintiff's confidential letter brief and file proof of service with the Court.

IT IS SO ORDERED.

Dated: __October 15, 2019__            _____/s/ Jennifer L. Thurston__
                                                         UNITED STATES MAGISTRATE JUDGE